JjLEON A. CANNIZZARO, JR., Judge.
The plaintiff in this case, Dwayne Richardson, is appealing the trial court’s decision granting a motion for summary judgment in favor of one of the defendants, the Regional Transit Authority (the “RTA”). The RTA was also dismissed from the suit with prejudice by the trial court.
STATEMENT OF FACTS AND. ,. PROCEDURAL HISTORY
In his petition for damages, Mr. Richardson alleged that he brought his vehicle to a complete stop at a red light. He further alleged that .while his vehicle was stopped, it was struck from the rear suddenly and without warning by a vehicle driven by Kim Lawson. The vehicle driven by Ms. Lawson was' owned by her employer, Washington Transportation, Inc. (‘Washington”). -
Mr. Richardson initially sued Ms. Lawson, Washington, and Washington’s insurer. Later Mr. Richardson learned that Washington was operating a taxicab service for elderly and disabled individuals through a program[1] known as |2Dial-A-Ride.[2] Mr. Richardson then amended his petition .to allege that at .the time of the accident with Ms. Lawson,- she and Washington, her employer, were acting on behalf of the RTA in connection with this program.
The RTA had a contract with Washington pursuant to which Washington provided taxicab rides to RTA customers who qualified for the Dial-A-Ride program. These customers contacted the RTA directly to request a ride, and the RTA provided Washington with a daily manifest that listed the names, addresses, and pickup times for the customers. Salaried employees of Washington, who operated taxicabs owned by Washington, provided transportation for the customers.
Under the contract with the RTA, Washington had to make taxicabs and taxi drivers for the RTA program available on a twenty-four hour a day, seven day a week basis. The RTA’s employees handled all calls for taxi rides in the Dial-A- *157 Ride program, and the RTA furnished radios to the taxi drivers so that RTA employees could tell the drivers to and from where to transport customers. The taxicabs were used exclusively to transport the RTA’s customers[3], and the drivers were required to complete RTA logs. The fares received from the Dial-A-Ride customers were deposited into a bank account approved by the RTA.
hThe RTA set minimum requirements for the taxi drivers employed by Washington and required Washington to furnish the RTA with information regarding the drivers. Additionally, the RTA required the taxicabs used in the Dial-A-Ride program to have the RTA logo displayed on them.
The RTA filed a motion for summary judgment after Mr. Richardson filed his supplemental petition adding the RTA as a defendant. The trial court granted the motion and dismissed the RTA from the suit with prejudice.
DISCUSSION
Standard of Review
Appellate courts review the granting of summary judgment de novo under the same criteria governing the trial court’s consideration of whether summary judgment is appropriate. Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180, 1183. See also Independent Fire Insurance Co. v. Sunbeam Corp., 99-2181, 99-2257, p. 7 (La.2/29/00), 755 So.2d 226, 231.
A summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,: show that there is no genuine issue as to a material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). If the court finds that a genuine issue of material fact exists, summary judgment must be rejected. Oakley v. Thebault, 96-0937 (La.App. 4 Cir. 11/13/96), 684 So.2d 488, 490. The burden does not shift to the party opposing .the summary judgment until the moving party first presents a prima facie case that no genuine issues of material fact exist. Id. At that point, if the party opposing the motion “fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary | ¿burden of proof at trial, there is no genuine issue of material fact.” La. C.C.P. art. 966(C). Summary judgment should then be granted.
In Hardy v. Bowie, 98-2821 (La.9/8/99), 744 So.2d 606, the Louisiana Supreme Court stated that “[a] fact is ‘material’ when its existence or nonexistence may be essential to plaintiffs cause of action under the applicable theory of recovery.” 98-2821, p. 6, 744 So.2d at 610. The Supreme Court also stated that “[f]acts are material if they potentially insure- or preclude recovery, affect a litigant’s ultimate success, or determine the outcome of the legal dispute.” Id.
The RTA’s Burden of Proof
Because the RTA was the mover in the motion for summary judgment, under La C.C.P. art. 966 the RTA had the burden of proving a prima facie ease to prevail on its motion for summary judgment. The RTA presented in support of its motion for summary judgment its contract with Washington’s Scrip Cab Company[4] and a deposi *158 tion of Karen Kelly, a former employee of Washington. The deposition was taken in an unrelated lawsuit involving a similar dispute concerning the RTA and Washington. The pertinent facts contained in Ms, Kelly’s deposition were: (1) Washington owned the vehicles used in the Dial-A-Ride program; (2) Washington determined when the taxi drivers earned paid leave and overtime; (3) Washington hired and fired the taxi drivers; and (4) Washington determined the routes that the taxi drivers used to pick up the Dial-A-Ride customers that were listed on the daily manifests.
UMr. Richardson presented no independent affidavits or other evidence to support his position. Instead, he relied on the contract between Washington and the RTA and on' Ms. Kelly’s deposition to prove the following: (1) the RTA provided Washington with the names, addresses, and destinations of the Dial-A-Ride customers; (2) the RTA required the taxis owned by Washington to have an RTA logo affixed to the vehicles while they were used for the Dial-A-Ride. program; (3) Dial-A-Ride customers could not contract directly with Washington; (4) the taxi driver was required to act exclusively at the direction of an RTA dispatcher; (5) the RTA furnished the taxi drivers with two-way radios; (6) the taxi drivers were required to complete RTA log sheets; (7) the RTA required the fares collected from Dial-A-Ride customers to be deposited into an RTA approved bank account; (8) the RTA required the taxi drivers to undergo specific training; and (9) the RTA required any taxi driver who tested positive for drugs to be fired.
Based on the evidence before us, we find that there are genuine issues of material fact that must be resolved before a determination can be made regarding any liability that the RTA might have to Mr. Richardson. The facts with respect to whether Ms. Lawson was involved in transporting a Dial-A-Ride customer when the accident with Mr. Richardson occurred are unresolved. It is unclear from the record whether there was a passenger in the taxicab when Mr. Richardson’s car was hit. Also, there is nothing to indicate whether Ms. Lawson was en route to or from a Dial-A-Ride passenger’s destination or whether the taxicab was off duty at the time of the accident.[5]
| fiAdditionaIIy, there must be a determination of the exact relationship between the RTA and Washington, and this is both a factual and legal determination. If the facts prove that Washington was simply an alter ego of the RTA whose purpose was to perform the RTA’s obligations to disabled persons needing mass transportation, then the RTA may be liable for torts of the Washington taxi drivers while they were on duty. If the facts prove that the relationship between the RTA and Washington was either that of contractor and subcontractor or principal and agent, additional fact finding will be required. The fact finder must determine the extent to which the RTA had the right to control and supervise Washington before the issue of the RTA’s liability for Ms. Lawson’s accident can be determined. See, e.g., Blanchard v. Ogima, 253 La. 34, 215 So.2d 902 (1968); Davenport v. Amax Nickel, Inc., 569 So.2d 23, 27-29 (La.App. 4th Cir.1990).
*159 Based on the foregoing discussion, we find that material issues of fact with respect to the RTA’s involvement with Washington and its control over Washington’s operations exist. Therefore, we do not find that the RTA carried its burden of proof in supporting its motion for summary judgment.
CONCLUSION
The judgment of the trial court granting summary judgment and dismissing the RTA from the case with prejudice is hereby reversed. This case is remanded for further proceedings in conformity with this opinion.
REVERSED AND REMANDED.
KIRBY, J., dissents with reasons.

. Mr. Richardson’s brief explains that the RTA is required by law to provide mass transportation to the general public, which includes persons who are not physically able to ride standard RTA buses. To assist it in providing its services to those who cannot ride its buses, the RTA receives federal funding to provide its services to the elderly and disabled.

. The program is also referred to as Dollar-A-Ride.

. The deposition upon which the RTA relied in its motion for summary judgment confirmed that the taxicabs could not "pick up tares on the street” and that the "services were exclusive with RTA.”

. We note that the contract was executed by Washington’s Scrip Cab Company, not by *158 Washington. We also note that Washington's Scrip Cab Company was not made a defendant in this case. There is, however, nothing in the record before us to indicate that this has been raised as ah issue.

. We note that in its answer to the petition filed by Mr. Richardson, Washington admits "that Kim Lawson was in the course and scope of her employment with the defendant, Washington Transportation, Inc.”